IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RICHARD C. KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:11-cv-02396 |
| | § | |
| PATTI LABELLE a/k/a PATRICIA | § | |
| EDWARDS; ZURI KYE EDWARDS; | § | |
| EFREN HOLMES, *et. al.* | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## DEFENDANTS' FIRST AMENDED ANSWER

Defendants **PATTI LABELLE ("LaBelle") a/k/a PATRICIA EDWARDS, ZURI KYE EDWARDS ("Edwards")** and **EFREM HOLMES ("Holmes")** file this First Amended Answer to Plaintiff's First Amended Complaint.[1]

## I.
## INTRODUCTION

1. On March 11, 2011, Plaintiff Richard C. King ("King") boarded a passenger plane from New Jersey to Texas. While traveling, King consumed several alcoholic beverages and arrived at the George H.W. Bush International Airport in an obviously inebriated state. While staggering around the passenger pick up area, King was, among other things, screaming obscenities and attempting to enter LaBelle's limousine transportation. King continued to loiter around LaBelle's limousine even after being denied access and having been politely asked to walk away. LaBelle rolled down her window twice to speak first with her security guard, Holmes, and then with her son, Edwards. On both occasions, King directed profane and racial slurs towards LaBelle. When LaBelle's son, Edwards, heard the profanity and racial epithets, he

---

[1] This First Amended Answer is expressly filed subject to the Counterclaims contained in Defendants' Original Answer and Counterclaims [Dkt. #2].

informed King that the woman in the limousine was his mother. Without warning or provocation, King violently and deliberately punched Edwards in the face.

2. On June 1, 2011, King filed his Original Petition in Cause No. 2011-32912 against Patti LaBelle a/k/a Patricia Edwards, Zuri Kye Edwards, Efren[2] Holmes, Jane Doe, Shauquetha L. Boyd Mays and George H.W. Bush International Airport in the 129th District Court of Harris County, Texas. Defendants herein removed the action to the District Court for the Southern District of Texas [Dkt. #1].

## II.
## ANSWER

### THE PARTIES

3. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 2.1 of Plaintiff's First Amended Complaint.

4. Defendants admit that LaBelle has appeared in this case. Defendants deny the remaining allegations in paragraph 2.2 of Plaintiff's First Amended Complaint.

5. Defendants admit that Edwards is the son of LaBelle and that he has appeared in this case. Defendants deny the remaining allegations in paragraph 2.3 of Plaintiff's First Amended Complaint.

6. Defendants admit that Holmes has appeared in this case. Defendants deny the remaining allegations in paragraph 2.4 of Plaintiff's First Amended Complaint.

7. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 2.5 of Plaintiff's First Amended Complaint.

### JURISDICTION AND VENUE

8. Defendants admit that this Court has jurisdiction over Defendants. Defendants deny the remaining allegations in paragraph 3.1 of Plaintiff's First Amended Complaint.

---

[2]   Mr. Holmes was incorrectly identified as "Efren Holmes" instead of Efrem Holmes.

9.      Defendants admit that venue is proper in the Southern District of Texas. Defendants deny the remaining allegations in paragraph 3.2 of Plaintiff's First Amended Complaint.

## BACKGROUND

10.     Defendants deny the allegations in paragraph 4.0 of Plaintiff's First Amended Complaint, except as admitted above.

11.     Defendants lack sufficient information to admit or deny the allegations in paragraph 4.1 of Plaintiff's First Amended Complaint.

12.     Defendants lack sufficient information to admit or deny the allegations in paragraph 4.2 of Plaintiff's First Amended Complaint.

13.     Defendants admit that LaBelle was scheduled to perform on March 12, 2011 at L'auberge Du Lac Hotel and Casino in Lake Charles, Louisiana. Defendants also admit that LaBelle, Edwards and Holmes had ground transportation, including a limousine and a suburban waiting for them at the passenger pick up area of Terminal C on March 11, 2011. Defendants otherwise deny the allegations in paragraph 4.3 of Plaintiff's First Amended Complaint.

14.     Defendants deny the allegations in paragraph 4.4 of Plaintiff's First Amended Complaint.

15.     Defendants deny the allegations in paragraph 4.5 of Plaintiff's First Amended Complaint.

16.     Defendants deny the allegations in paragraph 4.6 of Plaintiff's First Amended Complaint.

17.     Defendants deny the allegations in paragraph 4.7 of Plaintiff's First Amended Complaint.

18. Defendants deny the allegations in paragraph 4.8 of Plaintiff's First Amended Complaint.

19. Defendants deny the allegations in paragraph 4.9 of Plaintiff's First Amended Complaint.

20. Defendants deny the allegations in paragraph 4.10 of Plaintiff's First Amended Complaint.

## COUNT I, ASSAULT AND BATTERY

21. Defendants deny the allegations in paragraph 5.0 of Plaintiff's First Amended Complaint, except as admitted above.

22. Defendants deny the allegations in paragraph 5.1 of Plaintiff's First Amended Complaint.

23. Defendants deny the allegations in paragraph 5.2 of Plaintiff's First Amended Complaint.

24. Defendants deny the allegations in paragraph 5.3 of Plaintiff's First Amended Complaint.

## COUNT II, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Defendants deny the allegations in paragraph 6.0 of Plaintiff's First Amended Complaint, except as admitted above.

26. Defendants deny the allegations in paragraph 6.1 of Plaintiff's First Amended Complaint.

27. Defendants deny the allegations in paragraph 6.2 of Plaintiff's First Amended Complaint.

28. Defendants deny the allegations in paragraph 6.3 of Plaintiff's First Amended Complaint.

HOUSTON 1120734v.2

29. Defendants deny the allegations in paragraph 6.4 of Plaintiff's First Amended Complaint.

30. Defendants deny the allegations in paragraph 6.5 of Plaintiff's First Amended Complaint.

### COUNT III, NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31. Defendants deny the allegations in paragraph 7.0 of Plaintiff's First Amended Complaint, except as admitted above.

32. Defendants deny the allegations in paragraph 7.1 of Plaintiff's First Amended Complaint.

33. Defendants deny the allegations in paragraph 7.2 of Plaintiff's First Amended Complaint.

### COUNT IV, DEFAMATION (LIBEL AND SLANDER)

34. Defendants deny the allegations in paragraph 8.0 of Plaintiff's First Amended Complaint, except as admitted above.

35. Defendants deny the allegations in paragraph 8.1 of Plaintiff's First Amended Complaint.

36. Defendants deny the allegations in paragraph 8.2 of Plaintiff's First Amended Complaint.

37. Defendants deny the allegations in paragraph 8.3 of Plaintiff's First Amended Complaint.

### DAMAGES

38. Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, Defendants are not required to deny Plaintiff's allegations regarding the amount of damages. FED. R. CIV. P. 8(b)(6).

## CONDITIONS PRECEDENT

39. Defendants deny the allegations in paragraph 10.0 of Plaintiff's First Amended Complaint.

## JURY DEMAND

40. Defendants admit that Plaintiff has requested a jury trial on the issues in this case. Defendants lack sufficient information to admit or deny that Plaintiff tendered the appropriate fee with his petition. Defendants also demand a jury trial on all issues in this case.

## III.
## AFFIRMATIVE DEFENSES

41. *Plaintiff's Fault.* Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages and injuries were legally and proximately caused by the negligence, fault, negligence per se, assumption of the risk, and other culpable conduct of Plaintiff and/or other persons or parties over whom Defendants had no control who failed to exercise the same degree of care and caution, as well as common sense, for their safety, as would have been exercised by persons using ordinary care, caution, and common sense in the same or similar circumstances.

42. *Proportionate Responsibility.* Pleading in the alternative and without waiving the foregoing, in the event that any party is found at fault, Defendants assert the defense of proportionate responsibility pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code and asks that the trier of fact compare the responsibility of the parties and assign percentages of responsibility to the parties, and that any judgment rendered be done so pursuant to these statutory provisions.

43. *Justification/Self-Defense.* Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, because Defendants were justified in using force to protect themselves. Specifically, Defendants reasonably believed that they were in

immediate danger and used the degree of force that was reasonably necessary to repel King's violent and unprovoked attack.

44.     *Justification/Defense of Third Person.*  Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, because Defendants were justified in using force to protect and defend third persons, including, but not limited to, Edwards, Holmes and LaBelle.  Specifically, Defendants reasonably believed that they were in immediate danger and used the degree of force that was reasonably necessary to repel King's violent and unprovoked attack.

45.     *No Duty.*  Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, because Defendants owed no legal duty to Plaintiff or, if they owed a legal duty, they did not breach that duty.

46.     *No Independent Cause of Action for Negligent Infliction of Emotional Distress.*  Pleading in the alternative and without waiving the foregoing, Plaintiff's claim for negligent infliction of emotional distress is barred because there is no independent cause of action for negligent infliction of emotional distress in Texas.  *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993).

47.     *No Recovery for Intentional Infliction of Emotional Distress if Another Cause of Action Provides Relief.*  Pleading in the alternative and without waiving the foregoing, Defendants assert that Plaintiff's recovery for intentional infliction of emotional distress is barred, in whole or in part, to the extent that an alternative cause of action would provide a remedy for Plaintiff's allegedly severe emotional distress.

48.     *Intervening/Superseding Cause.*  Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged

injuries resulted from an intervening or superseding or a new and independent cause, which was the proximate, producing, or sole cause of the occurrences and injuries alleged by Plaintiff.

49.     *Failure to Mitigate.*   Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate his damages.

50.     *Substantial Truth.*   Pleading in the alternative and without waiving the foregoing, Defendants assert that their statements concerning Plaintiff, if any, are substantially true.

51.     *Recovery of Paid Medical Expenses, Only.*   Pleading in the alternative and without waiving the foregoing, Defendants invoke Section 41.0105 of the Texas Civil Practice and Remedies Code and request that to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

52.     *Limit on Punitive Damages.*   Pleading in the alternative and without waiving the foregoing, Defendants deny any liability for punitive or exemplary damages and invoke the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and the applicable case law.  Plaintiff's claims for exemplary damages are expressly limited by the applicable statutory ceiling(s) on recoverable damages, including, but not limited to, those found in Chapter 41 of the Texas Civil Practice & Remedies Code.

53.     *Punitive Damage Claim Violates the Constitution.*   Pleading in the alternative and without waiving the foregoing, Plaintiff's claim for punitive damages violates the Excessive Fines Clause of the Eighth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the applicable provisions of the Texas Constitution.

# IV.
# PRAYER

WHEREFORE, Defendants **PATTI LABELLE, a/k/a PATRICIA EDWARDS, ZURI KYE EDWARDS and EFREM HOLMES** and Counter-Plaintiffs LaBelle and Edwards request that:

(1) Judgment be entered against Richard C. King in Counter-Plaintiff's favor for:

    (A) actual damages;
    (B) pre-judgment and post-judgment interest at the maximum allowable rate;
    (C) all costs in prosecuting this litigation;

(2) Richard C. King take nothing for his claims against Defendants; and

(3) Such additional and further relief to which Defendants and Counter-Plaintiffs may be justly or equitably entitled.

DATED: July 29, 2011.

Respectfully Submitted,

By: */s/ Samantha Trahan*
    Geoffrey H. Bracken
    Texas Bar No. 02809750
    GARDERE WYNNE SEWELL LLP
    1000 Louisiana Street, Suite 3400
    Houston, Texas 77002-5011
    713.276.5739—Telephone
    713.276.6739—Facsimile
    gbracken@gardere.com

**ATTORNEYS IN CHARGE FOR DEFENDANTS, PATTI LABELLE, a/k/a PATRICIA EDWARDS, ZURI KYE EDWARDS and EFREM HOLMES**

OF COUNSEL:

GARDERE WYNNE SEWELL LLP

Samantha Trahan
Texas Bar No. 24028073
Mary Elizondo Frazier
Texas Bar No. 24054592
strahan@gardere.com
mfrazier@gardere.com
1000 Louisiana Street, Suite 3300
Houston, Texas 77002-5011
713.276.5500—Telephone
713.276.5555—Facsimile


DOYEN SEBESTA, LTD., L.L.P.

Philip Robert Brinson
Texas Bar No. 00787139
Federal Bar No. 16803
450 Gears Road , Suite 350
Houston, Texas 77067
713-580-8900—Telephone
713-580-8910—Facsimile
pbrinson@ds-lawyers.com


## CERTIFICATE OF SERVICE

      I hereby certify that on July 29, 2011, I electronically filed this DEFENDANTS' FIRST AMENDED ANSWER with the Clerk of Court using the Court's ECF system. The ECF system electronically transmitted the foregoing document to counsel of record, as follows:

    John W. Raley
    Robert M. Bowick
    Texas State Bar No. 24029932
    1800 Augusta Dr., Suite 300
    Houston, Texas 77057
    Telephone: (713) 429 - 8050
    Facsimile: (713) 429 - 8045
    Email: jraley@raleybowick.com
    rbowick@raleybowick.com

                                             */s/ Samantha Trahan*
                                              Samantha Trahan

HOUSTON 1120734v.2