IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RICHARD C. KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:11-cv-02396 |
| | § | |
| PATTI LABELLE a/k/a PATRICIA | § | |
| EDWARDS; ZURI KYE EDWARDS; | § | |
| EFREN HOLMES; AND | § | |
| NORMA HARRIS, | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## DEFENDANT NORMA HARRIS' ORIGINAL ANSWER

Defendant **NORMA HARRIS** ("Defendant" or "Harris") files this Original Answer to Plaintiff's First Amended Complaint.

## I.
## INTRODUCTION

1. On March 11, 2011, Plaintiff Richard C. King ("King") boarded a passenger plane from New Jersey to Texas. While traveling, King consumed several alcoholic beverages and arrived at the George H.W. Bush International Airport in an obviously inebriated state where he then continued to consume alcohol. While staggering around the passenger pick up area, King was, among other things, screaming obscenities and attempting to enter LaBelle's limousine transportation. King continued to loiter around LaBelle's limousine even after being denied access and having been politely asked to walk away. LaBelle rolled down her window twice to speak first with her security guard, Holmes, and then with her son, Edwards. On both occasions, King directed profane and racial slurs towards LaBelle. When LaBelle's son, Edwards, heard the profanity and racial epithets, he informed King that the woman in the limousine was his mother. Without warning or provocation, King violently and deliberately punched Edwards in the face.

# II.
# ANSWER

## THE PARTIES

2. Harris lacks sufficient information to admit or deny the allegations contained in paragraph 2.1 of Plaintiff's First Amended Complaint.

3. Harris admits that LaBelle has appeared in this case. Harris denies the remaining allegations in paragraph 2.2 of Plaintiff's First Amended Complaint.

4. Harris admits that Edwards is the son of LaBelle and that he has appeared in this case. Harris denies the remaining allegations in paragraph 2.3 of Plaintiff's First Amended Complaint.

5. Harris admits that Holmes has appeared in this case. Harris denies the remaining allegations in paragraph 2.4 of Plaintiff's First Amended Complaint.

6. Harris denies the allegations contained in paragraph 2.5 of Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

7. Harris admits that this Court has jurisdiction over Defendants. Harris denies the remaining allegations in paragraph 3.1 of Plaintiff's First Amended Complaint.

8. Harris admits that venue is proper in the Southern District of Texas. Harris denies the remaining allegations in paragraph 3.2 of Plaintiff's First Amended Complaint.

## BACKGROUND

9. Harris denies the allegations in paragraph 4.0 of Plaintiff's First Amended Complaint, except as admitted above.

10. Harris lacks sufficient information to admit or deny the allegations in paragraph 4.1 of Plaintiff's First Amended Complaint.

11. Harris lacks sufficient information to admit or deny the allegations in paragraph

4.2 of Plaintiff's First Amended Complaint.

12. Harris admits that LaBelle was scheduled to perform on March 12, 2011 at L'auberge Du Lac Hotel and Casino in Lake Charles, Louisiana. Harris also admits that LaBelle, Edwards, Holmes and Harris had ground transportation, including a limousine and a suburban waiting for them at the passenger pick up area of Terminal C on March 11, 2011. Harris otherwise denies the allegations in paragraph 4.3 of Plaintiff's First Amended Complaint.

13. Harris denies the allegations in paragraph 4.4 of Plaintiff's First Amended Complaint.

14. Harris denies the allegations in paragraph 4.5 of Plaintiff's First Amended Complaint.

15. Harris denies the allegations in paragraph 4.6 of Plaintiff's First Amended Complaint.

16. Harris denies the allegations in paragraph 4.7 of Plaintiff's First Amended Complaint.

17. Harris denies the allegations in paragraph 4.8 of Plaintiff's First Amended Complaint.

18. Harris denies the allegations in paragraph 4.9 of Plaintiff's First Amended Complaint.

19. Harris denies the allegations in paragraph 4.10 of Plaintiff's First Amended Complaint.

**COUNT I, ASSAULT AND BATTERY**

20. Harris denies the allegations in paragraph 5.0 of Plaintiff's First Amended Complaint, except as admitted above.

21. Harris denies the allegations in paragraph 5.1 of Plaintiff's First Amended

Complaint.

22. Harris denies the allegations in paragraph 5.2 of Plaintiff's First Amended Complaint.

23. Harris denies the allegations in paragraph 5.3 of Plaintiff's First Amended Complaint.

## COUNT II, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Harris denies the allegations in paragraph 6.0 of Plaintiff's First Amended Complaint, except as admitted above.

25. Harris denies the allegations in paragraph 6.1 of Plaintiff's First Amended Complaint.

26. Harris denies the allegations in paragraph 6.2 of Plaintiff's First Amended Complaint.

27. Harris denies the allegations in paragraph 6.3 of Plaintiff's First Amended Complaint.

28. Harris denies the allegations in paragraph 6.4 of Plaintiff's First Amended Complaint.

29. Harris denies the allegations in paragraph 6.5 of Plaintiff's First Amended Complaint.

## COUNT III, NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

30. Harris denies the allegations in paragraph 7.0 of Plaintiff's First Amended Complaint, except as admitted above.

31. Harris denies the allegations in paragraph 7.1 of Plaintiff's First Amended Complaint.

32. Harris denies the allegations in paragraph 7.2 of Plaintiff's First Amended

Complaint.

## COUNT IV, DEFAMATION (LIBEL AND SLANDER)

33. Harris denies the allegations in paragraph 8.0 of Plaintiff's First Amended Complaint, except as admitted above.

34. Harris denies the allegations in paragraph 8.1 of Plaintiff's First Amended Complaint.

35. Harris denies the allegations in paragraph 8.2 of Plaintiff's First Amended Complaint.

36. Harris denies the allegations in paragraph 8.3 of Plaintiff's First Amended Complaint.

## DAMAGES

37. Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, Harris is not required to deny Plaintiff's allegations regarding the amount of damages. FED. R. CIV. P. 8(b)(6).

## CONDITIONS PRECEDENT

38. Harris denies the allegations in paragraph 10.0 of Plaintiff's First Amended Complaint.

## JURY DEMAND

39. Harris admits that Plaintiff has requested a jury trial on the issues in this case. Harris lacks sufficient information to admit or deny that Plaintiff tendered the appropriate fee with his petition. Harris also demands a jury trial on all issues in this case.

## III.
## AFFIRMATIVE DEFENSES

40. *Plaintiff's Fault.* Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages and injuries were legally and proximately caused by the negligence, fault, negligence per se, assumption of the risk, and other culpable conduct of Plaintiff and/or other persons or parties over whom Harris had no control who failed to exercise the same degree of care and caution, as well as common sense, for their safety, as would have been exercised by persons using ordinary care, caution, and common sense in the same or similar circumstances.

41. *Proportionate Responsibility.* Pleading in the alternative and without waiving the foregoing, in the event that any party is found at fault, Harris asserts the defense of proportionate responsibility pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code and asks that the trier of fact compare the responsibility of the parties and assign percentages of responsibility to the parties, and that any judgment rendered be done so pursuant to these statutory provisions.

42. *Justification/Self-Defense.* Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, because Harris was justified in using force to protect herself. Specifically, Harris reasonably believed that she was in immediate danger and used the degree of force that was reasonably necessary to repel King's violent and unprovoked attack.

43. *Justification/Defense of Third Person.* Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, because Harris was justified in using force to protect and defend third persons, including, but not limited to, Edwards, Holmes and LaBelle. Specifically, Harris reasonably believed that others were in

immediate danger and used the degree of force that was reasonably necessary to repel King's violent and unprovoked attack.

44. *No Duty.* Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, because Harris owed no legal duty to Plaintiff or, if she owed a legal duty, she did not breach that duty.

45. *No Independent Cause of Action for Negligent Infliction of Emotional Distress.* Pleading in the alternative and without waiving the foregoing, Plaintiff's claim for negligent infliction of emotional distress is barred because there is no independent cause of action for negligent infliction of emotional distress in Texas. *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993).

46. *No Recovery for Intentional Infliction of Emotional Distress if Another Cause of Action Provides Relief.* Pleading in the alternative and without waiving the foregoing, Harris asserts that Plaintiff's recovery for intentional infliction of emotional distress is barred, in whole or in part, to the extent that an alternative cause of action would provide a remedy for Plaintiff's allegedly severe emotional distress.

47. *Intervening/Superseding Cause.* Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries resulted from an intervening or superseding or a new and independent cause, which was the proximate, producing, or sole cause of the occurrences and injuries alleged by Plaintiff.

48. *Failure to Mitigate.* Pleading in the alternative and without waiving the foregoing, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate his damages.

49. *Substantial Truth.* Pleading in the alternative and without waiving the foregoing, Harris asserts that her statements concerning Plaintiff, if any, are substantially true.

50. *Recovery of Paid Medical Expenses, Only.* Pleading in the alternative and without waiving the foregoing, Harris invokes Section 41.0105 of the Texas Civil Practice and Remedies Code and requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

51. *Limit on Punitive Damages.* Pleading in the alternative and without waiving the foregoing, Harris denies any liability for punitive or exemplary damages and invokes the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and the applicable case law. Plaintiff's claims for exemplary damages are expressly limited by the applicable statutory ceiling(s) on recoverable damages, including, but not limited to, those found in Chapter 41 of the Texas Civil Practice & Remedies Code.

52. *Punitive Damage Claim Violates the Constitution.* Pleading in the alternative and without waiving the foregoing, Plaintiff's claim for punitive damages violates the Excessive Fines Clause of the Eighth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the applicable provisions of the Texas Constitution.

## IV.
## PRAYER

WHEREFORE, Defendant **NORMA HARRIS** requests that:

(1) Richard C. King take nothing for his claims against Norma Harris; and

(2) For such additional and further relief to which Norma Harris may be justly or equitably entitled.

DATED: October 5, 2011

                    Respectfully Submitted,

By:   */s/ Samantha Trahan*
      Geoffrey H. Bracken
      Texas Bar No. 02809750
      GARDERE WYNNE SEWELL LLP
      1000 Louisiana Street, Suite 3400
      Houston, Texas 77002-5011
      713.276.5739—Telephone
      713.276.6739—Facsimile
      gbracken@gardere.com

**ATTORNEYS IN CHARGE FOR DEFENDANTS, PATTI LABELLE, a/k/a PATRICIA EDWARDS, ZURI KYE EDWARDS, EFREM HOLMES AND NORMA HARRIS**

OF COUNSEL:

GARDERE WYNNE SEWELL LLP

Samantha Trahan
Texas Bar No. 24028073
Mary Elizondo Frazier
Texas Bar No. 24054592
strahan@gardere.com
mfrazier@gardere.com
1000 Louisiana Street, Suite 3300
Houston, Texas 77002-5011
713.276.5500—Telephone
713.276.5555—Facsimile


DOYEN SEBESTA, LTD., L.L.P.

Philip Robert Brinson
Texas Bar No. 00787139
Federal Bar No. 16803
450 Gears Road, Suite 350
Houston, Texas 77067
713-580-8900—Telephone
713-580-8910—Facsimile
pbrinson@ds-lawyers.com

-10-

## CERTIFICATE OF SERVICE

    I hereby certify that on October 5, 2011, I electronically filed NORMA HARRIS' ORIGINAL ANSWER with the Clerk of Court using the Court's ECF system. The ECF system electronically transmitted the foregoing document to counsel of record, as follows:

John W. Raley
Robert M. Bowick
Texas State Bar No. 24029932
1800 Augusta Dr., Suite 300
Houston, Texas 77057
Telephone: (713) 429 - 8050
Facsimile: (713) 429 - 8045
Email: jraley@raleybowick.com
rbowick@raleybowick.com

                */s/ Mary Elizondo Frazier*
                Mary Elizondo Frazier