UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD KING, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Civ. Action No. 4:11-cv-02396 |
| PATTI LABELLE a/k/a PATRICIA EDWARDS, *et al.*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Zuri Kye Edwards' Motion for Leave to File Third Party Complaint ("Motion"). (Doc. No. 15.) Plaintiff did not file a Response to the Motion. After considering the Motion and the applicable law, the Court concludes that the Motion should be **GRANTED**.

I.   BACKGROUND

This case arises out of an alleged assault and battery at Houston Intercontinental Airport ("IAH"). Upon arriving at IAH on March 11, 2011, Plaintiff Richard C. King ("Plaintiff" or "King") proceeded to the passenger pick-up area to look for his family. According to King, Patti LaBelle ("LaBelle"), a professional performer who employs security personnel, arrived at IAH shortly after King with her private security force under her control and supervision. King states that this security force included Zuri Kye Edwards ("Edwards"), Efrem Holmes ("Holmes"), and Norma Harris ("Harris") (the "Bodyguards"). LaBelle entered her limousine, which was allegedly parked next to King. According to King, LaBelle thought King was standing too close to her luggage and so

1

rolled down her window to give instructions to the Bodyguards. The Bodyguards then allegedly attacked King, causing King to suffer a severe head injury, blood loss, and deep lacerations and contusions. King brought this lawsuit in Texas state court against LaBelle, Edwards, Holmes, and Harris (collectively, "Defendants") for assault and battery, intentional infliction of emotional distress, negligence, gross negligence, negligent infliction of emotional distress, and defamation. The case was removed pursuant to this Court's diversity jurisdiction. Edwards brought a counterclaim against King for assault, and LaBelle brought a counterclaim against King for intentional infliction of emotional distress due to his alleged racial slurs and derogatory and profane language. (Doc. No. 2.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 14(a)(1) states: "A defending party may, as third-party plaintiff, serve a summons and complaints on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Rule 14(a) "exists to bring in third parties who are *derivatively* liable to the impleading party." *Hasan v. La. Dep't of Transp.*, No. 98-312224, 1999 WL 642861, at *2 (5th Cir. July 26, 1999). In other words, "[a] third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party." Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, 6 Federal Practice & Procedure § 1446 (3d ed. 2011). Therefore, a third-party complaint "require[s] that the 'defendant is attempting to transfer to the third-

party defendant the liability asserted against him by the original plaintiff.'" *Briones v. Smith Dairy Queens, Ltd.*, No. V-08-48, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008) (quoting *Anadarko Petroleum Corp. v. Great Plains Gas Compression, Inc.*, Civ. A. No. H-05-1949, 2007 WL 38327, at *1 (S.D. Tex. Jan. 4, 2007); citing *McCain Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849-50 (5th Cir. 1978) ("[A] third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant."); *US v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967) ("[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim.")).

"Courts are granted 'wide discretion in determining whether to permit such third party procedure.'" *Id.* (quoting *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 183 (5th Cir. 1984)). "The factors applied when deciding whether to allow a third-party complaint include prejudice placed on the other parties, undue delay by the third-party plaintiff, lack of substance to the third-party claim, and advancing the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues)." *Id.* (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1443 at 300-11 (2d ed. 1990)); *see also Am. Intern. Specialty Lines Ins. Co. v. 7-Eleven, Inc.*, No. 3:08-cv-807-M, 2009 WL 2448440, at *1 (N.D. Tex. Aug. 7, 2009).

### III.   ANALYSIS

Edwards seeks to file a Third Party Complaint against Continental Airlines, Inc. ("Continental"). According to Edwards, Continental is liable to Edwards for all or part of King's claim. (Mot. ¶ 5.) Edwards argues that Continental served King with alcoholic

3

beverages "to the point where he became so inebriated that it would have been obvious to the person providing alcohol that King presented a danger to himself and others." (*Id.* ¶ 7.) In other words, Continental allegedly provided King alcoholic beverages despite his obvious intoxication, and his intoxication was a proximate cause of the damages suffered by Defendant. (*Id.* ¶ 8.) Consequently, Edwards asserts, Continental is liable to Edwards for the damage King inflicted. (*Id.* ¶ 9.) Furthermore, in the event Edwards is compelled to pay King any amount, Edwards claims, Continental is liable to Edwards for contribution and/or indemnity. (*Id.*)

King filed no response to Edward's Motion. Edwards did not unduly delay filing the Motion, and Edwards's proposed Third-Party Complaint has substance because it asserts claims directly against Continental based on injuries to Edwards, and also requests contribution and/or indemnity. Furthermore, by permitting the Third Party Complaint, the Court advances the underlying purposes of Rule 14 by preventing duplicative litigation. As such, the Court concludes that it should grant the Motion.

## IV. CONCLUSION

For the reasons explained above, the Motion (Doc. No. 15) is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 8th day of February, 2012.

_____
KEITH P. ELLISON
**UNITED STATES DISTRICT COURT JUDGE**

4