IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RICHARD C. KING | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-02396 |
| | § | |
| PATTI LABELLE a/k/a PATRICIA | § | |
| EDWARDS; ZURI KYE EDWARDS; | § | |
| EFREN HOLMES; *et. al.* | § | |
| | § | |
| *Defendants* | § | |

## DEFENDANT'S THIRD PARTY COMPLAINT
## AGAINST
## CONTINENTAL AIRLINES, INC.

ZURI KYE EDWARDS, Defendant and Third-Party Plaintiff herein (sometimes hereinafter referred to as "Edwards"), files this his Third-Party Complaint against CONTINENTAL AIRLINES, INC., and in support thereof would show as follows:

## I.
## PARTIES

1.    Plaintiff, Richard C. King, is an individual who is a citizen of the State of Texas. Plaintiff King has already appeared herein.

2.    Defendant and Third-Party Plaintiff, Zuri Kye Edwards, is an individual who is a citizen of the State of Pennsylvania.  He has already appeared herein.

3.    Third-Party Defendant, Continental Airlines, Inc. is a Delaware Corporation with its principal place of business at 1600 Smith Street, Houston, Texas 77002.  Continental Airlines, Inc. may be served with process by serving its registered agent, C. T. Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201.

HOUSTON 1132859v.1

## II.
## JURISDICTION

4.      According to Plaintiff's Original Petition and Amended Complaint, Plaintiff seeks damages exceeding the minimum jurisdictional limits of this Court from citizens of different states. As a result, this Court has original jurisdiction under 28 U.S.C. § 1332.   This Court has supplemental jurisdiction over this Third Party Complaint under 28 U.S.C. § 1367.

## III.
## PROCEDURAL FACTS

5.      Plaintiff, Richard C. King ("King") brought suit against Defendants Edwards, Efrem Holmes ("Holmes") and Norma Harris ("Harris") for Assault and Battery; Defendants Patti Labelle ("Labelle"), Edwards, Holmes and Harris for Intentional Infliction of Emotional Distress; Defendant Labelle for Negligence, Gross Negligence, and Negligent Infliction of Emotional Distress; and Defendants Edwards and Holmes for Defamation (Libel and Slander) arising out of an incident that occurred at the Terminal C passenger pick up area at George H.W. Bush International Airport on March 11, 2011.

6.      Defendant Edwards asserted a Counterclaim for Assault against Plaintiff; and Defendant Labelle asserted a Counterclaim for Intentional Infliction of Emotional Distress against Plaintiff.

7.      Third-Party Plaintiff filed a Motion for Leave to Designate a Third Party Defendant pursuant to Rule 14 of the Federal Rules of Civil Procedure.

## IV.
## THIRD-PARTY DEFENDANT

8.      Third-party Defendant, Continental Airlines, Inc., operates lounges at the George H.W. Bush International Airport for certain Continental passengers and other members of Continental's Club, under the trade name President's Club, holding mixed beverage permits

-2-

MB747347, MB747343, MB747344, MB747345, MB747349 and/or other beverage permits issued pursuant to and whose actions are governed by the Texas Alcoholic Beverage Code. Third-Party Defendant, Continental Airlines, Inc. provides alcoholic beverages to certain Continental passengers and/or members of Continental's Clubs at airport terminals.

9.      While traveling to Houston, King consumed alcoholic beverages, and was subsequently served additional alcoholic beverages in the Continental President's Club at the George H.W. Bush International Airport to the point where he became so inebriated that it would have been obvious to the person providing alcohol that King presented a danger to himself and others.[1]  After King left the Continental President's Club, King staggered toward the exit and down the traffic lanes of the passenger pick up area toward the vicinity of where Defendants' vehicles were waiting in preparation of departing the airport premises.  As the inebriated King approached the area where Defendants were located, King was, among other things, yelling obscenities and attempting to enter Labelle's limousine transportation. King continued to loiter and stagger around Labelle's limousine even after being denied access to the vehicle, and having been politely asked to walk away.  Labelle rolled down her window twice to speak first with her security guard, Holmes, and then with her son, Edwards. On both occasions, King directed profane and racial slurs towards Labelle. When Labelle's son, Edwards, heard the profanity and racial epithets, he informed King that the woman in the limousine was his mother. Without warning or provocation, King violently and deliberately punched Edwards in the face.

10.     At the time Continental's President's Club, its employees, representatives, agents, and/or assigns, sold, served, or provided King the alcoholic beverages under the permits issued by the Texas Alcoholic Beverage Commission, King was obviously intoxicated such that

---

[1]     Upon information and belief, King possessed a blood alcohol level of approximately .285 after the incident at the airport.

he presented a clear danger to himself and others.  King's intoxication was a proximate cause of the King's actions and damages suffered by Defendant Edwards.

11.     Consequently, Third-Party Defendant is liable to Edwards for the damage King inflicted.  Furthermore, in the event Defendant Edwards is compelled to pay to King any amount, Third-Party Defendant Continental is liable to Edwards for contribution and/or indemnity.

## V.
## PRAYER

12.     WHEREFORE, Defendant/Third-Party Plaintiff, ZURI KYE EDWARDS prays that the Third Party Defendant, CONTINENTAL AIRLINES, INC., be summoned to appear and answer herein, and that upon final trial:

a)  Plaintiff, Richard C. King, take nothing in his suit against Defendant, Zuri Kye Edwards;

b)  Judgment against Plaintiff, Richard C. King as provided by law;

c)  Judgment against Continental Airlines, Inc. as provided by law;

d)  Post-judgment interest as provided by law;

e)  Costs of suit; and

f)  Such other and further relief to which Third Party Plaintiff, Zuri Kye Edwards may show himself justly entitled.

[Signature on Next Page.]

HOUSTON 1132859v.1

Respectfully submitted

By: ___/s/ Samantha Trahan_____
        Geoffrey H. Bracken
        Texas Bar No. 02809750
        GARDERE WYNNE SEWELL LLP
        1000 Louisiana Street, Suite 3300
        Houston, Texas 77002-5011
        713.276.5739 - Telephone
        713.276.6739 - Facsimile
        gbracken@gardere.com

**ATTORNEYS IN CHARGE FOR DEFENDANTS, PATTI LABELLE, a/k/a PATRICIA EDWARDS, ZURI KYE EDWARDS, EFREM HOLMES and NORMA HARRIS**

OF COUNSEL:
GARDERE WYNNE SEWELL LLP

Samantha Trahan
Texas Bar No. 24028073
Mary Elizondo Frazier
Texas Bar No. 24054592
strahan@gardere.com
mfrazier@gardere.com
1000 Louisiana Street, Suite 3300
Houston, Texas 77002-5011
713.276.5500 - Telephone
713.276.5555 - Facsimile

DOYEN SEBESTA, LTD., L.L.P.

Philip Robert Brinson
Texas Bar No. 00787139
Federal Bar No. 16803
450 Gears Road, Suite 350
Houston, Texas 77067
713-580-8900 - Telephone
713-580-8910 - Facsimile
pbrinson@ds-lawyers.com

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2011 I electronically filed this DEFENDANT'S THIRD-PARTY COMPLAINT with the Clerk of Court using the CM/ECF system, which transmitted a notice of electronic filing to the following:

John W. Raley
Robert M. Bowick
Texas State Bar No. 24029932
1800 Augusta Dr., Suite 300
Houston, Texas 77057
Telephone: (713) 429 - 8050
Facsimile: (713) 429 - 8045
Email: jraley@raleybowick.com
rbowick@raleybowick.com

                                        /s/ Samantha Trahan_____
                                        Samantha Trahan

HOUSTON 1132859v.1