UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| RICHARD C. KING, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-2396 |
| | § | |
| PATTI LABELLE; aka EDWARDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Before the Court is Defendants' Motion for Entry of Final Judgment. (Doc. No. 172.) Defendants' proposed Final Judgment would order that "All costs of court shall be borne by King," the Plaintiff. (Doc. No. 172-1.) Plaintiff objects to this allocation of costs. Having considered the submissions of the parties and all applicable law, the Court concludes that it is appropriate for Plaintiff to bear all costs. Defendants' motion is hereby **GRANTED**.

Rule 54 of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). However, a court may disallow costs to the prevailing party in limited circumstances. *See Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (to disallow costs, the court must find that the losing party filed the suit in good faith and other circumstances favor disallowing costs).

Here, Plaintiff first contends that Defendants Zuri Edwards and Efrem Holmes were not "prevailing parties" and thus are not entitled to recover their costs. Plaintiff rests his argument on the jury's finding that Mr. Edwards and Mr. Holmes committed an assault against Plaintiff, but that the assault was justified by self-defense and the defense of third persons. *See* Jury Verdict, Doc. No. 171 at 2-5. However, the Fifth Circuit has held that a party is "prevailing" when a jury

has found justification and awarded no damages. *See S.W.S. Erectors, Inc. v. Triangle Sign & Service, Inc.*, 21 F.3d 1109, 1994 WL 171706, at *8 (5th Cir. 1994). Here, the jury found that the Defendants' actions that would otherwise constitute assault were justified, and no damages were awarded. Therefore, Mr. Edwards and Mr. Holmes are "prevailing parties" presumptively entitled to costs.

In the alternative, Plaintiff argues that the Court should withhold costs from Defendants even though they are prevailing parties. Plaintiff asserts that costs should be disallowed because he has limited resources—specifically, a salary of $45,000 per year—while Defendants' costs are likely covered by insurance, and Defendant Patti Labelle has a personal net worth exceeding $50 million. In his argument, Plaintiff relies on *Pacheco*, in which the Fifth Circuit held that a court may disallow costs where the losing party brought suit in good faith and some other circumstances favor disallowing costs. *Pacheco*, 448 F.3d at 794. Among the circumstances that the *Pacheco* court suggested *might* warrant disallowing costs were "the losing party's limited financial resources" and "the prevailing party's enormous financial resources." *Id.* However, the court was clear at the time that it was not actually deciding whether any of these is a sufficient reason to deny costs. *Id.* at 794 n.18.

The Court believes the suit was certainly filed in good faith, but there is insufficient evidence of any additional circumstance that would warrant denying costs to Defendants. Last year, the Fifth Circuit revisited the question of when a court may disallow costs to a prevailing party and concluded that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *See Moore v. CITGO Refining and Chemicals Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013); *accord In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 468 (3d Cir. 2000); *Cherry v. Champion Int'l Corp.*, 186 F.3d

442, 447-48 (4th Cir. 1999); *Reed v. Int'l Union of Auto., Aerospace & Agric. Implement Workers, Local Union No. 663*, 945 F.2d 198, 204 (7th Cir. 1991). Ms. Labelle's wealth and the fact that Defendants may be insured are thus irrelevant to determining whether costs should be allowed.

The *CITGO* panel reserved the question of whether a losing party's "limited resources" can *ever* be used to reduce an award of costs, but emphasized that the Federal Rules create a strong presumption that costs should be awarded to the prevailing party. Here, as in *CITGO*, Plaintiff's assertions as to his limited resources—not reaching the level of indigency—are not enough to justify disallowing costs to Defendants. *See Petri v. Kestrel Oil & Gas Properties, L.P.*, Nos. H-09-3994, H-10-cv-122, H-10-cv-497, 2013 WL 265973, at *7 (S.D. Tex. Jan. 17, 2013).

For the foregoing reasons, Defendants' Motion for Entry of Final Judgment is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 20th day of November, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE