UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD C. KING, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-2396 |
| | § | |
| PATTI LABELLE; aka EDWARDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## AMENDED MEMORANDUM & ORDER

Before the Court is Plaintiff Richard C. King's Motion for a New Trial. (Doc. No. 173.) Mr. King seeks a new trial, arguing that 1) the jury was improperly permitted to answer questions regarding the law of self-defense and defense of third persons, 2) the jury incorrectly found that Norma Harris did not commit an assault, and 3) there is no evidence supporting the presumption of reasonableness instruction. Having considered the submissions of the parties and all applicable law, Plaintiff's motion is **DENIED** for the reasons set forth in this order.

I. BACKGROUND

Mr. King is a former West Point cadet. On March 11, 2011, he was involved in a physical altercation with Zuri Edwards, Efrem Holmes, and Norma Harris at George Bush Intercontinental Airport in Houston, Texas. At the time of the altercation, Mr. Holmes, Mr. Edwards and Ms. Harris were accompanying the singer Patti Labelle to a performance in Louisiana. Mr. King brought this lawsuit against Mr. Holmes, Mr. Edwards, Ms. Harris, Ms. Labelle, and Ms. Labelle's company, Pattonium, Inc., alleging claims of assault, intentional infliction of emotional distress, negligence and gross negligence, defamation, and negligent and

1

grossly negligent supervision. Mr. Edwards counterclaimed for assault.

Prior to trial, the Court granted Defendants summary judgment on all of Mr. King's claims other than assault and defamation. Mr. King's remaining claims, as well as Mr. Edwards's counterclaim, were tried before a jury. After hearing the evidence, the jury concluded that Mr. Holmes and Mr. Edwards did commit an assault against Mr. King, but that the assaults were excused by self-defense and defense of third parties. *See* Jury Verdict, Doc. No. 171. The jury also found that Ms. Harris did not commit an assault, and that Mr. Edwards and Mr. Holmes were not liable for defamation based on their statements to police. *Id.* Finally, the jury determined that Mr. King did assault Mr. Edwards, but awarded Mr. Edwards no damages. *Id.* Following the verdict, Plaintiff timely filed the instant motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59 also states that a court may, on motion, grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A court therefore may grant a new trial if it finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). A new trial may also be granted when the jury's inconsistent verdict cannot be reconciled. *See Crossland v. Canteen Corp.*, 711 F.2d 714, 726 (5th Cir. 1983). In short, courts are to assess "the fairness of the trial and the reliability of the jury's verdict." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991). When a party moves for a new trial on evidentiary grounds, a new trial should not be granted unless "the verdict is against the great weight of the evidence." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). The

decision to grant a new trial lies within the discretion of the court. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982).

## III. ANALYSIS

### A. Self-Defense and Defense of Third Persons Instruction

Plaintiff first objects to questions 2 and 3 on the verdict form. (Doc. No. 171.) Plaintiff argues that the jury should not have been instructed on self-defense and defense of third persons because neither Efrem Holmes nor Zuri Edwards admitted to assaulting Mr. King. This argument is unavailing. Here, the Court's procedure conformed exactly to the two Texas civil cases cited by Plaintiff: namely, the jury verdict form included separate questions on assault and on self-defense/defense of third persons. *See Gibbins v. Berlin*, 162 S.W.3d 335, 340-41 (Tex. Civ. App.—Fort Worth 2005); *Norris v. Branham*, 557 S.W.2d 816, 817-18 (Tex. Civ. App.—El Paso 1977). If Plaintiff's argument were correct, this two-question procedure would never be used because any defendant who would be entitled to a self-defense instruction must have conceded to the first question about the underlying assault.

Furthermore, the criminal cases on which Plaintiff applies are not controlling. Plaintiff is correct that the standard for self-defense and defense of third persons is the same in civil and criminal proceedings. However, the pleading practices followed by Texas courts are plainly different in civil and criminal cases. As Plaintiff points out, Texas courts have applied the confession-and-avoidance doctrine to require *criminal* defendants to concede that they committed the acts constituting the crime of assault in order to plead self-defense or defense of third persons. *See, e.g.*, *Anderson v. State*, 11 S.W.3d 369, 371-72 (Tex. App.—Houston 2000). But both Texas and federal civil procedures allow affirmative defenses like self-defense to be pled in the alternative. *See* Texas R. Civ. P. 48; Fed. R. Civ. P. 8(d)(2)-(3). And as discussed

above, the two civil cases cited by Plaintiff endorse the practice of using two questions to allow the jury to decide both whether an assault occurred and, if so, whether it was justified.

For those reasons, the self-defense and defense of third persons instructions were not erroneous. No new trial is warranted on those grounds.

### B. Norma Harris Assault Verdict

Next, Plaintiff contends that the jury's verdict that Norma Harris did not commit an assault is against the weight of the evidence. At trial, Ms. Harris testified that she pushed Richard King during their altercation. Plaintiff argues that this testimony alone establishes that Ms. Harris committed an assault against Mr. King.

As Defendants point out, Plaintiff did not move for judgment as a matter of law as to the assault charge against Ms. Harris. This would preclude the Fifth Circuit from reviewing the sufficiency of the evidence in a potential future appeal. *See Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 297-98 (5th Cir. 1978) (where the losing party did not file for judgment as a matter of law, the court of appeals will overturn a verdict only when there is an absolute absence of evidence to support the verdict). It does not, however, prevent this Court from reviewing whether the jury's verdict is against the weight of the evidence. *See National Car Rental System, Inc. v. Better Monkey Grip Co.*, 511 F.2d 724, 730 (5th Cir. 1975); *see also* 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2806 (3d ed.).

Here, the jury's verdict was not against the great weight of the evidence. The fact that Ms. Harris testified that she "pushed" Mr. King is, taken alone, not sufficient to establish that she is liable for assault against him. As Defendants note, mere physical contact is not sufficient to establish an assault. Under Texas law, a person commits an assault in one of three situations: 1) intentionally, knowingly, or recklessly causing bodily injury to another, 2) intentionally or

knowingly threatening another with imminent bodily injury, or 3) intentionally or knowingly causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive. Texas Penal Code § 22.01(a). It is true that Ms. Harris's testimony that she pushed Mr. King establishes that she caused physical contact with Mr. King. However, she testified that she pushed him "so he won't hit Mr. Edwards anymore." Pl.'s Ex. D at 10:11-12. The jury could have found based on her testimony that she did not intentionally, knowingly or recklessly *cause bodily injury*. The jury could also find, based on the evidence, including a security videotape of the fight, that Ms. Harris reasonably believed that the push was not offensive in the context of the entire physical altercation between Mr. King, Mr. Holmes and Mr. Edwards.

Whether an assault occurred is a highly fact-dependent inquiry, and not every push constitutes assault. For that reason, the cases cited by Plaintiff do not support his position. For instance, in *Mills v. State*, 440 S.W.3d 69, 72 (Tex. App.—Waco 2012), the defendant was convicted of threatening imminent bodily injury when he attempted to push the victim's car into highway traffic. The defendant had previously threatened to kill the victim and had punched the victim while he sat in his car. That is a far cry from what happened here. The fact that the action in that case was described as "pushing" does not transform any act of pushing into an actionable assault. The jury's finding that Ms. Harris did not assault Mr. King was not against the weight of the evidence, and does not provide a ground for a new trial.

### C. Presumption of Reasonableness Instruction

Finally, Plaintiff asserts that a new trial is needed because the jury was erroneously given an instruction that they could presume the reasonableness of a defendant's actions if the defendant "knew or had reason to know that King unlawfully and with force entered, or was

5

attempting to enter, the defendant's occupied vehicle." Jury Verdict Question 3, Doc. No. 171 at 5; *see also* Texas Pen. Code § 9.31(a)(1)(A). On the night of the altercation, the Labelle party — which included defendants Zuri Edwards and Efrem Holmes — had arranged for a limousine and an SUV to take them to Louisiana for Ms. Labelle's performance. When Mr. King first approached the limousine, it was occupied by Ms. Labelle and Ms. Harris. And there was evidence before the jury that King, while visibly intoxicated, attempted entry into the Labelle party's locked vehicle shortly before the altercation occurred. *See* Pl.'s Ex. C at 9:2-5, 10:12-14. This is sufficient to support the instruction on the presumption of reasonableness. Because this instruction to the jury was not erroneous, no new trial is needed.

For the foregoing reasons, Plaintiff's Motion for a New Trial is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 25th day of November, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE